# WILLIAMS v. CARDENAS

## Case No. CO83-357

County Court, Orange County

September 1, 1983

### APPEARANCES OF COUNSEL

**Arthur Leonhardt** for plaintiff.

**Melanie Malherbe,** Greater Orlando Area Legal Services, Inc., for defendant.

### OPINION OF THE COURT

GEORGE A. SPRINKEL, IV, County Judge.

This action was tried before the Court in two sessions on May 12, 1982 and June 16, 1983, on Defendant's counterclaim for damages relating to violations of the Florida Residential Landlord and Tenant Act. A hearing to clarify the proposed final judgment was held on August 17, 1983.

This action was originally brought by Plaintiff (the landlord) seeking possession of the rental dwelling unit from Defendant on the grounds of a notice dated January 19, 1983, terminating Defendant's tenancy for nonpayment of rent. In her answer to the Complaint, Defendant denied that any rent was due as of the date of the notice.

Following the trial of the action for possession, judgment for possession was entered in favor of Defendant, the Court having found that the alleged nonpayment had not occurred.

Beginning with the rent that came due on January 28, 1983, Defendant withheld her rent payments from Plaintiff based upon a "rent withholding letter" given to Plaintiff pursuant to Florida Statutes 83.60(1). Defendant deposited the January 28, 1983, rent payment, along with an additional $50.00, into the Court Registry on February 4, 1983, the date on which she filed her Answer. Defendant deposited all subsequent monthly rental payments as they came due through and including the payment for the last rental period of her tenancy, May 28 through June 27, 1983.

Only $50.00 of the funds deposited by Defendant has been released to Plaintiff pending resolution of Defendant's Counterclaim.

## Findings of Fact

On the evidence presented at trial, the Court finds that a number of conditions in violation of the Orlando Housing Code existed in the dwelling unit that Defendant rented from Plaintiff for the eighteen month period from December 28, 1981 through June 27, 1983.

The Court further finds that the conditions in violation of the Code existed in varying degrees throughout Defendant's eighteen month tenancy and reduced the value of the rental unit on the average by 20%. The monthly rent throughout Defendant's tenancy was $250.00

In connection with prosecution of her Counterclaim, Defendant incurred costs in the amount of $25.00 for the court reporter's per diem at the deposition taken of Plaintiff.

## Rulings of Law

On the arguments of counsel for Plaintiff and Defendant at trial and the post-trial memorandum by counsel for Defendant, the Court rules that the existence of conditions in violation of the Orlando Housing Code in the dwelling unit Plaintiff rented to Defendant constitutes violation of Florida Statutes 83.51 by Plaintiff. Pursuant to Florida

5

Statutes 83.55, Defendant is entitled to damages for the violation of 83.51.

The measure of damages is the diminution of the value of the dwelling unit to Defendant resulting from the violation. Damages are computed by applying the average percentage reduction in value to the sums paid as rent during Defendant's 18 month tenancy.

Therefore, on the foregoing findings of fact and rulings of law, it is

ADJUDGED that:

1. Defendant, Sara Cardenas, have judgment against Plaintiff, Stephen Williams, for the sum of $900.00 representing her damages under Florida Statutes 83.51 to be paid to her from the funds held in the Court Registry.

2. The Court Clerk is hereby instructed to release from the Court Registry to Defendant, Sara Cardenas, in care of her attorney, the sum of $900.00.

3. The Court Clerk is hereby instructed to release from the Court Registry the sum of $350.00 to Plaintiff, Stephen Williams, in care of his attorney, representing the remaining balance, after release of $900.00 to Defendant, of the funds deposited by Defendant for rent accrued pending final resolution of this action.

4. Defendant, Sara Cardenas, have judgment against Plaintiff, Stephen Williams, for the sum of $25.00, representing her costs, for which let execution issue.